E-FILED
Tuesday, 14 February, 2017  02:12:17 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EARNEST M. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-1053 |
| | ) | |
| JARRED BIERBAUM and | | |
| LARRY LEWIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

This matter is now before the Court on a Merit Review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true and liberally construes them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, enough facts must be provided to state a claim for relief that is "plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013).

Plaintiff Bell is incarcerated at Dixon Correctional Center. He filed this § 1983 action in the Northern District of Illinois. On February 2, 2017, the Northern District transferred this action to the Central District of Illinois, and on February 7, 2017, the Court granted Plaintiff's Petition to Proceed in forma pauperis. In his Complaint, Plaintiff alleges that Bloomington Police Department Officer Jarred Bierbaum and Larry Lewis, a cooperating witness, made false statements that Plaintiff sold Lewis cocaine at his residence on June 17, 2014. Plaintiff states that Officer Bierbaum, who was listening to his conversation with an eavesdropping device, knew that Lewis, rather than Bell, sold the cocaine. The Complaint states that Plaintiff was subsequently charged with multiple counts of possession and delivery of a controlled substance, and on September 28, 2015 he was sentenced to 22 years in the Illinois Department of

Corrections. Plaintiff's request for relief asks for monetary damages, and Plaintiff also asks that Defendants be charged with multiple felonies for Illinois crimes.

Plaintiff has filed two other civil actions in the Central District based on the same facts presented in his instant Complaint. On November 19, 2015, Judge Myerscough dismissed Plaintiff's complaint with prejudice for failure to state a claim and counted the dismissal as a "strike" under 28 U.S.C. § 1915(g). *Bell v. Bierbaum*, No. 15-1357 (C.D. Ill. 2015). On March 4, 2016, Judge McDade dismissed Plaintiff's complaint with prejudice for failure to state a claim and counted the dismissal as a "strike" under § 1915. *Bell v. Bierbaum*, No. 15-1284 (C.D. Ill. Mar. 4, 2016). Judge McDade subsequently denied Plaintiff's motion for leave to appeal in forma pauperis after finding that the appeal was not taken in good faith. The Seventh Circuit dismissed Plaintiff's appeal for failure to pay the filing fee on June 21, 2016.

Plaintiff's Complaint simply rehashes the conclusory allegations made in his prior civil actions. As explained in the two prior dismissals, Plaintiff may not challenge his conviction or sentence in a civil action under § 1983. Similarly, the Court does not have the authority to grant much of the relief Plaintiff requests (charging Defendant's with state law crimes). The Court finds that any amendment to Plaintiff's Complaint would be futile and dismisses the Complaint because it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A.

**IT IS ORDERED:**

(1) This case is dismissed, with prejudice, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

(2) This dismissal shall count as Plaintiff's third and final "strike" under § 1915(g), and the Clerk is directed to record Plaintiff's strike in the three-strike log.

(3) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall make monthly payments from Plaintiff's prison trust fund account to the Clerk of Court each time Plaintiff's account exceeds $10, until the filing fee is paid in full.

(4) The agency having custody of Plaintiff is further ordered to make monthly payments from Plaintiff's prison trust fund account to the Clerk of Court each time Plaintiff's account exceeds $10, until the filing fees in Case Nos. 15-1284 and 15-1357 are paid in full.

(5) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the appellate filing fee regardless of the outcome of the appeal.

(6) All pending motions are dismissed. (Doc. 4).

(7) This matter is now terminated.

Signed on this 14th day of February, 2017.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge